## Harrisburg v. Schaflander et al.

*Spencer G. Hall*, for City of Harrisburg.
*Henry Levitan*, for defendants.

RUPP, P. J., February 9, 1949.—This matter comes before us on plaintiff's motion to quash and strike off defendants' appeal to the court of quarter sessions (with allowance by the court) from their conviction before an alderman for violation of City Ordinance No. 69, file folio 164, effective April 1, 1939.

In petitioning for leave to appeal, defendants Schaflander and Parel represented themselves to be the executive director and publicity director, respectively, of the Progressive Party of Pennsylvania, a political body. They prayed for the allowance of the appeal pursuant to section 1 of the Act of April 17, 1876, P. L. 29, 19 PS §1189, as amended, which provides, inter alia, as follows:

"In all cases of summary conviction in this Commonwealth, before a magistrate or court not of record, either party, even though any fine imposed has already been paid, may, within five days after such conviction, appeal to the court of quarter sessions of the county in which such magistrate shall reside or court not of record shall be held, upon allowance of the said court of quarter sessions or any judge thereof, upon cause shown; and either party may also appeal from the judgment of a magistrate or a court not of record, in a suit for a penalty, to the court of common pleas of the county in which said judgment shall be rendered, upon allowance of said court, or any judge thereof, upon cause shown. . . ."

The motion to quash alleges that the court of quarter sessions is without jurisdiction of the appeal because the proceeding before the alderman was a suit for a penalty, civil in nature, and not a summary conviction proceeding; hence, the appeal should have been to the court of common pleas.

There is no question that if the proceeding before the alderman was a suit for a penalty, the appeal should have been to the court of common pleas and

therefore the court of quarter sessions would lack jurisdiction. Was the proceeding a suit for a penalty?

The alderman's transcript and a copy of Ordinance No. 69 are attached to and made a part of the petition for leave to appeal. The transcript shows that the proceeding was begun by information and warrant issued in the name of the city against both defendants, charging them with the operation, for advertising purposes, of a sound truck on the streets of the city, in violation of Ordinance No. 69, which provides, in part, as follows:

". . . That the operation for advertising purposes . . . upon . . . any public highway of the City of Harrisburg of any . . . loud speaker . . . sound truck . . . is hereby prohibited.

". . . Any person . . . violating any of the provisions of this ordinance shall, upon conviction thereof before . . . any Alderman of the City of Harrisburg, be sentenced to pay a fine not exceeding One Hundred Dollars ($100.00) and costs of prosecution, and in default of the payment of such fine and costs of prosecution shall be imprisoned in the jail of Dauphin County for a period not exceeding ten days."

The transcript further shows that a full hearing was had before the alderman, sitting at the request of the mayor, at which both defendants testified that on June 28, 1928, they did operate a sound truck on the streets of the city; and that each defendant was adjudged guilty, as charged, and sentenced to pay a fine of $50 and costs and in default of payment to be imprisoned in the jail of Dauphin County for a period of 10 days.

The weight of the authorities is to the effect that a proceeding to recover a fine for the violation of a municipal ordinance is not a summary proceeding but is civil in nature and therefore is to be governed and decided by the rules applicable to civil suits.

A leading decision on this subject is that written by the late President Judge Hargest in Borough of Steelton v. Rashinsky, 33 Dauph. 227 (1930). There, a proceeding in the name of the borough was begun by information and warrant for the recovery of a fine for the violation of a borough ordinance. In holding that the proceeding was civil in nature, Judge Hargest learnedly reviewed the law distinguishing suits for penalties from summary convictions and pointed out the reason why confusion sometimes arises between the two proceedings. He said (p. 230) :

"The distinctions between the suits for penalties and summary convictions have been well defined and ought to be well known, but confusion between these two proceedings has arisen because both courts and legislatures, at times, have not adhered to those well defined distinctions. Summary convictions are in their nature criminal prosecutions, generally for the violation of a statute, imposing both a fine and imprisonment, and should be in the name of the Commonwealth. On the other hand, a proceeding for the violation of a municipal ordinance has almost uniformly been held to be a civil proceeding and should be brought in the name of the borough. . . .

"The reason for the confusion no doubt is that suits for penalties are in some respects penal in their character and in some cases, early as well as late, they were treated as summary convictions where the point was not made. . . .

"A practice arose very early, perhaps out of the old right to arrest for a debt, of commencing such proceedings by capias or warrant. . . .

"This may account for the present legislative provisions permitting suits for the violation of municipal ordinances to be commenced by warrant."

Judge Hargest concluded (p. 232) :

"It therefore follows that this proceeding, brought in the name of the Borough of Steelton, for the recovery of penalties due the borough, although begun by warrant, is nevertheless a civil proceeding and, being so, the defendant had a right to the writ of certiorari without allowance."

See also cases cited by Judge Hargest and Commonwealth v. Kinsey, 59 D. & C. 576 (1947) ; 2 Sadler on Criminal Procedure, sec. 802; 12 Standard Pa. Practice 392, §11.

Defendants contend that the Rashinsky case is distinguishable from the present case, in that in the Rashinsky case the warrant against defendant was issued under The General Borough Act of May 4, 1927, P. L. 519, which, in section 3101, 53 PS §15191, specifically provided that any fines, etc., made payable by the act or imposed under the ordinances of any borough shall be recoverable "in the same manner as debts", or by means of a civil action.

On the other hand, they point out that The Third Class City Law of June 23, 1931, P. L. 932, contains no such provision but in section 1018, 53 PS §12198-1018, provides for the conduct of proceedings for the recovery of fines and penalties for violations of city ordinances "in the manner prescribed by law". They likewise point out that section 1018 provides for "prosecutions" as well as for actions and proceedings, and for the issuance of warrants or of a summons. They therefore maintain that under the latter act the nature of a proceeding of the type here involved is determined by the process issued and since here the proceeding was begun by information and warrant it is a summary proceeding.

The difficulty with this position is that it entirely overlooks the fact that The General Borough Act of

1927 provided (section 3101, supra), and The Third Class City Law provides (section 1018, supra), for the institution of proceedings for the recovery of fines, etc., for the violation of *municipal* ordinances, *in the name of the municipality* and for the payment of the fines, etc., into the *municipal* treasury. It is these factors which establish the nature of this type of proceeding, and not the designation of such fines, etc., as "debts".

Moreover, the Borough Act (section 3103, 53 PS §15193) provided, as does The Third Class City Law, that this type of proceeding may be commenced by warrant or by summons. Concerning this provision in the Borough Act, Judge Hargest said (p. 232):

"Does the use of this language mean that the legislature intended that when a warrant is issued the proceeding is to be a summary conviction and therefore unsettle all of the distinctions theretofore existing in the law between a summary conviction and a suit for a penalty. We think not."

We have considered, but have not found persuasive, those lower court decisions cited by defendants which set forth a conclusion contrary to that reached by Judge Hargest in the Rashinsky case and herein followed by us.

In view of all the foregoing, it follows that in the instant case the proceeding before the alderman, instituted in the name of the city, for the recovery of a fine for the violation of a city ordinance, payable into the city treasury, although commenced by information and warrant, was nevertheless a suit for a penalty, civil in nature, and therefore the court of quarter sessions lacks jurisdiction. Accordingly, the appeal must be quashed.

And now, February 9, 1949, the appeal is hereby quashed.